## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL-RAHEEM ALONZO HUMPHREY,<br>    Plaintiff,<br><br>      v.<br><br>PENNSYLVANIA COURT OF COMMON PLEAS OF PHILADLEPHIA, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 20-CV-2335 |

### **MEMORANDUM**

**RUFE, J.**                                                                                                **MAY 26, 2020**

*Pro se* Plaintiff Abdul-Raheem Alonzo Humphrey has filed a Complaint pursuant to 42 U.S.C. § 1983.  Named as Defendants are the Pennsylvania Court of Common Pleas of Philadelphia, the Honorable Christopher Mallios, Astor Weiss Kaplan & Mandel LLP, David Gutin Esquire, Jordan Group, Nefertitti C. Jordan Esquire, and Ijnanya Young.  Humphrey also seeks leave to proceed with this case without paying the filing fee.  For the following reasons, Humphrey's request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **I.      FACTUAL ALLEGATIONS**

Humphrey is the father of a four-year old child identified in the Complaint as "NH." (ECF No. 2 at 3.)[1]  He asserts that NH's mother, Defendant Ijnanya Young, physically abuses the child.  (*Id.*)  Humphrey retained two attorneys on December 3, 2019, to seek a protection from abuse order in the Court of Common Pleas.  (*Id.*)  He provided a medical report to the attorneys to use as proof of the abuse.  (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Rather than submit the report, counsel asked the Court for a continuance. (*Id.*) Humphrey asserts that Young called him 36 times on December 10, 2019 to threaten his family. (*Id.*) He reported this conduct to his attorneys and to the authorities where he lives in South Carolina. (*Id.*) On December 27, 2019, Humphrey fired his attorneys. (*Id.*) On January 28, 2020, the attorneys moved to withdraw their appearances before the Common Pleas Court and Humphrey asked for a continuance of the matter to find new counsel, but the request was denied. (*Id.*) On February 12, 2020, Humphrey was "found to be in Contempt [of a] fugitive warrant." (*Id.*) He again requested a continuance of the Common Pleas proceeding, but this request was also denied, and Young was granted temporary custody of NH on March 6, 2020 by Judge Mallios. (*Id.*) On March 26, 2020, Judge Mallios denied the request for a protection from abuse order. (*Id.*)

Humphrey asserts claims against Young, his former attorneys, the Philadelphia Court of Common Pleas, and Judge Mallios pursuant to 42 U.S.C. § 1983. (*Id.*) He asks this Court to grant him sole custody of NH until his eighteenth birthday. (*Id.* at 4.) He also seeks money damages to pay for NH's support and therapy until his twenty-first birthday. (*Id.*)

## II.     STANDARD OF REVIEW

Because Humphrey is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Humphrey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Humphrey seeks to assert federal constitutional claims under 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

---

[2] While Humphrey has not brought any claims under state law, he does mention a criminal statute, the Violence Against Women Act, 18 U.S.C. § 2261-2262. To the extent that he seeks to raise a distinct claim based on a violation of that statute, the claim must be dismissed pursuant to § 1915(e)(2)(B). Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, Civ. A. No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), aff'd, 763 F. App'x 146 (3d Cir. 2019).
  Numerous federal courts held that no private right of action exists under this specific statute. *See, e.g., Rock v. BAE Systems, Inc.*, 556 F. App'x 869, 871 (11th Cir. 2014) ("Section 2261 also does not explicitly contain a private right of action. . . ."); *Hopson v. Commonwealth Atty. Office*, Civ. A. No. 12-744, 2013 WL 1411234, at *4 (W.D. Ky. Apr. 8, 2013) ("There is nothing in § 2262(a)(1) that would lead to . . . a conclusion [that a private right of action exists under the statute.] Violations of § 2262(a)(1) are criminal offenses. Congress specifically set forth that violations of § 2262(a)(1) are punishable by imprisonment or fines or both . . . . There is no indication that Congress intended to create a private cause of action under 18 U.S.C. § 2262(a)(1)."); *Smith v. Daniel*, Civ. A. No. 17-111, 2017 WL 1352229 at *2 (N.D. Fla. Mar. 17, 2017) (holding that the plaintiff lacked standing to bring claims under §§ 2261A and, 2262), *report and recommendation adopted over objections*, 2017 WL 1370734 (N.D. Fla. Apr. 5, 2017); *Ortiz v. Perry*, Civ. A. No. 17-489, 2017 WL 11473894, at *3 (N.D. Okla. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 11473895 (N.D. Okla. Oct. 23, 2017) ("Although there are federal criminal laws prohibiting interstate stalking and interstate violations of a state-issued protective order, see 18 U.S.C. §§ 2261A, 2262, these laws do not provide civil remedies. . . .").
  Moreover, private citizens have no authority to enforce federal criminal statutes. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (stating that it is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another.").

3

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.      Claims Against the Court of Common Pleas

The Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Humphrey's claims against the Philadelphia Court of Common Pleas are barred by the Eleventh Amendment.

### B.      Claims Against Judge Mallios

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Humphrey's claims against Judge Mallios are based upon his actions in his judicial capacity in presiding over the protection from abuse proceedings. Accordingly, Judge Mallios enjoys absolute immunity from suit and Humphrey's claims must be dismissed under § 1915(e)(2)(B).

### C. Claims Against Attorneys

The § 1983 claims against Humphrey's attorneys must also be dismissed. Private attorneys are not "state actors" subject to liability under § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

### D. Claims Against Ijnanya Young

Humphrey has also sued the mother of his child. She too is not a state actor subject to liability under § 1983 and, accordingly, any such claim against her must be dismissed.

To the extent that Humphrey's Complaint may be read as an attempt to use this proceeding to relitigate custody of the child, it has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody cases. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also Barber*, 62 U.S. at 584 (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) (stating that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Humphrey's claims against Young appear to challenge state court proceedings that have decided child custody and visitation disputes. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at

704. Accordingly, Humphrey must pursue matters concerning the custody of his child in state court.

## IV.    CONCLUSION

For the reasons stated, Humphrey's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal is without prejudice, and the Court will grant Plaintiff an opportunity to file an amended complaint, if he can state a claim over which this Court may exercise jurisdiction. In the alternative, the dismissal is without prejudice to Plaintiff's ability to seek relief in the appropriate state court. An appropriate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**