IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL-RAHEEM ALONZO HUMPHREY,<br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA COURT OF COMMON PLEAS OF PHILADELPHIA, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 20-CV-2335<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**RUFE, J.**                                                                                  **JANUARY 27, 2021**

On May 15, 2020, *pro se* Plaintiff Abdul-Raheem Alonzo Humphrey filed a Complaint in this Court pursuant to 42 U.S.C. § 1983. Named as Defendants were the Pennsylvania Court of Common Pleas of Philadelphia, the Honorable Christopher Mallios, Astor Weiss Kaplan & Mandel LLP, David Gutin Esquire, Jordan Group, Nefertitti C. Jordan Esquire, and Ijnanya Young. In a Memorandum and Order filed on May 26, 2020, the Court granted Humphrey's request to proceed *in forma pauperis* and dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Humphrey was granted leave to file an amended complaint within thirty days if he was able to state a plausible claim over which this Court could exercise subject matter jurisdiction or, in the alternative, to refile his claims in an appropriate state court. (*See* ECF Nos. 6, 7.) When Humphrey failed to file an amended complaint within the stated time, the case was dismissed on July 17, 2020, with the Court repeating the provision that Humphrey could bring his claims in an appropriate state court. (ECF No. 8.)

On January 14, 2021, Humphrey filed a pleading labeled as a "Complaint" that the Clerk of Court docketed as an Amended Complaint in this action. (ECF No. 9.) Although the

Complaint was filed months after deadline to amend, and after the case had been closed, the Court will reopen the case in the interests of justice and consider the merits of the Amended Complaint. However, because the Amended Complaint is an exact copy of the original Complaint to which Humphrey has merely attached exhibits, and accordingly suffers from the same defects the Court has already identified, it too must be dismissed.

I.     **FACTUAL ALLEGATIONS**

As recited in the Court's prior Memorandum, Humphrey is the father of a four-year old child identified as "NH." (ECF No. 9 at 3.)[1] He asserts that NH's mother, Defendant Ijnanya Young, physically abuses the child. (*Id.*) Humphrey retained Defendants David Gutin and Nefertitti C. Jordan of the law firms Astor Weiss Kaplan & Mandel LLP and Jordan Group respectively on December 3, 2019 to seek a protection from abuse order in the Court of Common Pleas. (*Id.*) He provided a medical report to the attorneys to use as proof of the abuse. (*Id.*)

Rather than submit the report, Gutin asked the Court for a continuance. (*Id.*) Humphrey asserts that Young called him 36 times on December 10, 2019 to threaten his family. (*Id.*) He reported this conduct to Gutin and to the authorities where he lives in South Carolina. (*Id.*) On December 27, 2019, Humphrey fired his attorneys. (*Id.*) On January 28, 2020, the attorneys moved to withdraw their appearances before the Common Pleas Court and Humphrey asked for a continuance of the matter to find new counsel, but the request was denied. (*Id.*) On February 12, 2020, Humphrey was "found to be in Contempt [of a] fugitive warrant." (*Id.*) He again requested a continuance of the Common Pleas proceeding, but this request was also denied, and Young was granted temporary custody of NH on March 6, 2020 by Judge Mallios. (*Id.*) On March 26, 2020, Judge Mallios denied the request for a protection from abuse order. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

In his new pleading, Humphrey again asserts claims against all Defendants pursuant to 42 U.S.C. § 1983. (*Id.*) He again asks this Court to grant him sole custody of NH until the child reaches his eighteenth birthday. (*Id.* at 4.) He also seeks money damages to pay for NH's support and therapy until his twenty-first birthday. (*Id.*)

The only difference between Humphrey's original Complaint and his recent submission is that he has appended to the new document approximately 53 pages of exhibits constituting medical records for NH, pictures apparently showing evidence of abuse, and copies of documents filed in a state court protection from abuse proceeding. (*Id.* at 6-58.) [2]

## II.  STANDARD OF REVIEW

Because the Court has granted Humphrey leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Humphrey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] Because the exhibits contain information such as the name, birthdate, and medical records of a minor child, as well as other personal identifiers, the Court will order that the exhibits be placed under seal.

**III.    DISCUSSION**

Humphrey again seeks to assert federal constitutional claims under 42 U.S.C. § 1983.[3] That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3] While Humphrey has not brought any claims under state law, he again mentions a criminal statute, the Violence Against Women Act, 18 U.S.C. § 2261-2262. Any claim under this Act, to the extent that Humphrey again seeks to raise a distinct claim based on a violation of that statute, is dismissed pursuant to § 1915(e)(2)(B). As the Court previously held, numerous federal courts have held that no private right of action exists under this specific statute. *See, e.g., Rock v. BAE Systems, Inc.*, 556 F. App'x 869, 871 (11th Cir. 2014) ("Section 2261 also does not explicitly contain a private right of action. . . ."); *Hopson v. Commonwealth Atty. Office*, Civ. A. No. 12-744, 2013 WL 1411234, at *4 (W.D. Ky. Apr. 8, 2013) ("There is nothing in § 2262(a)(1) that would lead to . . . a conclusion [that a private right of action exists under the statute.] Violations of § 2262(a)(1) are criminal offenses. Congress specifically set forth that violations of § 2262(a)(1) are punishable by imprisonment or fines or both . . . . There is no indication that Congress intended to create a private cause of action under 18 U.S.C. § 2262(a)(1)."); *Smith v. Daniel*, Civ. A. No. 17-111, 2017 WL 1352229 at *2 (N.D. Fla. Mar. 17, 2017) (holding that the plaintiff lacked standing to bring claims under §§ 2261A and, 2262), *report and recommendation adopted over objections*, 2017 WL 1370734 (N.D. Fla. Apr. 5, 2017); *Ortiz v. Perry*, Civ. A. No. 17-489, 2017 WL 11473894, at *3 (N.D. Okla. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 11473895 (N.D. Okla. Oct. 23, 2017) ("Although there are federal criminal laws prohibiting interstate stalking and interstate violations of a state-issued protective order, see 18 U.S.C. §§ 2261A, 2262, these laws do not provide civil remedies. . . .").

Moreover, private citizens have no authority to enforce federal criminal statutes. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (stating that it is well established that private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another.").

4

### A. Claims Against the Court of Common Pleas

The Court previously dismissed Humphrey's claims against the Philadelphia Court of Common Pleas as barred by the Eleventh Amendment. The Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Humphrey's claims against the Philadelphia Court of Common Pleas is again dismissed with prejudice as barred by the Eleventh Amendment.

### B. Claims Against Judge Mallios

The Court previously dismissed Humphrey's claims against Judge Mallios because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Humphrey's claims against Judge Mallios are again based upon his actions in his judicial capacity in presiding over

the protection from abuse proceedings.  Accordingly, Judge Mallios enjoys absolute immunity from suit and Humphrey's claims must be dismissed with prejudice under § 1915(e)(2)(B).

### C. Claims Against Attorneys

The Court previously dismissed Humphrey's claims against his attorneys, Astor Weiss Kaplan & Mandel LLP, David Gutin Esquire, Jordan Group, and Nefertitti C. Jordan Esquire, because private attorneys are not "state actors" subject to liability under § 1983.  *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").  As the new submission again attempts to state § 1983 claims against these non-state actors, the claims again must be dismissed.

### D. Claims Against Ijnanya Young

The Court previously dismissed Humphrey's claims against the mother of his child.  She too was found to not be a state actor subject to liability under § 1983.  The Court also noted previously that, to the extent that Humphrey's original Complaint could be read as an attempt to relitigate custody of the child, it has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody cases.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding "that the domestic relations exception, as articulated by this Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also Barber*, 62 U.S. at 584 (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) (stating that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

Humphrey's claims against Young again appear to challenge state court proceedings that have decided child custody and visitation disputes; Plaintiff specifically seeks sole legal and physical custody, which this Court cannot grant. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 704. Accordingly, for the reasons previously expressed, this claim must also be dismissed, without prejudice to assertion in the appropriate state court.

### IV.  CONCLUSION

For the reasons stated, Humphrey's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the Court has afforded Humphrey an opportunity to amend and any further attempt at amendment to state claims over which this Court can exercise jurisdiction would appear to be futile, the dismissal of all federal law claims will be with prejudice, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002). Any claims under state law are dismissed for lack of subject matter jurisdiction without prejudice to their being asserted in an appropriate state court. This case will be marked closed. An appropriate Order follows.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**